# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **EROS COOK,** § | |
| § | |
| Plaintiff, § | Civil Action No. |
| § | |
| **v.** § | |
| § | **Jury Trial Demanded** |
| **ITT TECHNICAL INSTITUTE,** § | |
| § | |
| Defendant. § | |
| § | |

## COMPLAINT

EROS COOK ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against ITT TECHNICAL INSTITUTE ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the

United States. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

4. Plaintiff is a natural person, who resides in Dallas, Texas 75232.

5. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

6. Defendant is a corporation with its headquarters located at 3781 Park Mill Run Drive, Hilliard, OH 43026.

7. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9. Plaintiff has a cellular telephone number.

10. Plaintiff has only used this phone as a cellular telephone.

11. Beginning in or around May 2016 and continuing thereafter, Defendant called Plaintiff on his cellular telephone on a repetitive and continuous basis.

12. During the relevant period, Defendant called Plaintiff on his cellular

telephone multiple times per day.

13. When contacting Plaintiff on his cellular telephone, Defendant used an automatic telephone dialing system and automated and/or pre-recorded messages.

14. Plaintiff often would answer a call to be greeted with an automated recording before speaking to one of Defendant's representatives.

15. Defendant's telephone calls were not made for "emergency purposes" since Defendant has been calling Plaintiff regarding an unknown third party.

16. Desiring to stop these repeated calls, Plaintiff spoke with Defendant in May 2016, told Defendant they were calling a wrong number and requested that the calls stop immediately.

17. Once Defendant was told the calls were unwanted and to stop, there was no lawful purpose to making further calls, nor was there any good faith reason to place calls.

18. Despite Plaintiff's clear revocation of consent to call his cellular phone, Defendant persisted in calling Plaintiff through August 2016.

19. These calls were frustrating and annoying for Plaintiff, as such, Plaintiff took measures to block Defendant's calls by downloading a blocking application on her cellular telephone.

20. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

21. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

22. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

23. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

24. Defendant's calls to Plaintiff were not made for emergency purposes.

25. Defendant's calls to Plaintiff were not made with Plaintiff's prior express consent as Defendant was attempting to speak to an unknown third party.

26. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

27. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

28.   As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

WHEREFORE, Plaintiff, EROS COOK, respectfully prays for a judgment as follows:

    a.   All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

    b.   Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

    c.   Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d.   Injunctive relief pursuant to 47 U.S.C. §227(b)(3); and

    e.   Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, EROS COOK, demands a jury trial in this case.

Respectfully submitted;

DATED:  August 31, 2016   /s/ Amy L. Bennecoff Ginsburg
Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: aginsburg@creditlaw.com